1

## J. Grant Walker
### Attorney at Law PLLC

1124 W. Thatcher Blvd. Suite 202
Safford, AZ 85546
T: (928) 428-2728
F: (928) 428-2375
E-mail: *Grant@jgwalkerlaw.com*
Attorney for Plaintiffs
By:    J. Grant Walker, Bar No. 006994

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **ALFRED WILLIAMS AND EVELYN WILLIAMS,**<br><br>Plaintiffs,<br><br>vs.<br><br>**SAFFORD RV, LLC, an Arizona limited liability company; and DIANE NUNEZ and JOHN DOE NUNEZ,**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>Negligence;<br>Negligent Infliction of Emotional Distress;<br>Loss of Consortium and Burden on Spouse;<br>and Punitive Damages |

ALFRED WILLIAMS and EVELYN WILLIAMS ("Plaintiffs") by and through undersigned counsel, for her Complaint against Defendants, SAFFORD RV, LLC, an Arizona limited liability company; and DIANE NUNEZ and JOHN DOE NUNEZ ("Defendants"), alleges as follows:

### PARTIES

1.    The Plaintiffs, Alfred and Evelyn Williams are residents of LaGrange, Georgia.  In the summer of 2019, the Plaintiffs were vacationing in Arizona and staying temporarily in the Safford RV Park in Safford, Arizona, when the events that are set forth in this Complaint occurred.

2.     Defendant, Safford RV, LLC, is an Arizona limited liability company that owns and operates Safford RV Park in Safford, Arizona.

3.     Defendant, Diane Nunez was an employee of Safford RV, LLC in the summer of 2019.  John Doe Nunez is a fictious person who, is upon information and belief, the spouse of Diane Nunez.  When the true name of the spouse (if any) of Diane Nunez is learned, Plaintiffs will amend the Complaint to name the true spouse of Diane Nunez.

4.     When engaged in the actions alleged in this Complaint, Diane Nunez was engaged in her employment for the benefit of her marital community.

## JURISDICTION AND VENUE

5.     Venue is proper in the **United States District Court for the District of Arizona.**

6.     The amount in controversy exceeds the jurisdictional threshold of the Court.

7.     The Court has diversity jurisdiction in this case under 28 U.S. Code § 1332 because the controversy is between citizens of different states.

8.     All of the events that give rise to Plaintiffs' claims occurred in Safford, Graham County, Arizona.

## DEMAND FOR JURY TRIAL

9.     Plaintiffs hereby demand a jury trial.

## FACTUAL BACKGROUND

10.    Alfred Williams and his wife, Evelyn, were walking their dogs within the Safford RV Park at approximately 9:00 p.m. on June 6, 2019 and were at or near the intersection of their drive and the outer perimeter drive which encircles the park.

11.    Diane Nunez, an employee of Safford RV, LLC, was driving the company's golf cart in the dark without headlights.  The RV Park does not have streetlights within the park, and it was very dark.

12.    Ms. Nunez rounded a corner driving fast and struck Mr. Williams in the back

of his legs, slamming him to the ground.  He landed face first on the asphalt.  The golf cart rode up on top of Mr. Williams and high centered on him.  Mr. Williams was completely trapped under the golf cart.

13.   He was trapped under the golf cart for 15 minutes until paramedics and Safford Police Department officers arrived and physically lifted the golf cart off of Mr. Williams.

14.   Mrs. Williams thought that her husband was dead.  It was a horrific experience for her.  Mr. Williams was under the golf cart not moving, obviously seriously injured, and unconscious or dead.

15.   Mrs. Williams had to wait for 15 minutes before the police arrived and moved the golf cart.  A copy of the Police Report from the accident is hereto attached as **Exhibit A**.

16.   Mr. Williams was taken by ambulance to Mt. Graham Regional Medical Center, which then had him air evacuated to Banner University Medical Center in Tucson, Arizona because of the seriousness of his injuries, the multiple facial fractures and bleeding on his brain. Pictures of Mr. Williams after the accident are attached as **Exhibit B.**

17.   Mr. Williams was hospitalized for 7 days and then sent to a rehabilitation facility for an additional 7 days.

18.   Mr. Williams had suffered a closed head injury with loss of consciousness.  He was unresponsive for four hours and did not regain full consciousness for over 24 hours.  He has no memory of the accident.

19.   Later a CT scan showed that Mr. Williams had suffered a non-displaced cranial fracture.  The orbit of his right eye had been broken.  He had suffered a subdural hematoma with resulting numbness and weakness of the right arm.  He had suffered injury to his right shoulder.  He had suffered a fracture to his cervical spine at the C4 vertebrae.  He also had suffered an injury to his right ankle.

20.   Mr. Williams has residual and permanent weakness of his right arm and hand.  Both of his thumbs are permanently numb.  He has permanent memory loss.

21.   After Mr. Williams was released from the rehabilitation facility, it took him several weeks before he was able to travel.  Mr. Williams had to learn to walk again using a walker.  He had to use a walker for 30 days after his release from the rehabilitation center.

Attached as **Exhibit C** are pictures of Mr. Williams walking with his walker in the Safford RV Park as part of his rehabilitation.   After he was well enough to travel, Mr. and Mrs. Williams had to slowly work their way back to Georgia where they live, towing their trailer.

22.   Mr. Williams continues to have residual and permanent weakness of his right arm and hand.  Both of his thumbs are permanently numb.  He has permanent memory loss. He has an unsteady gait, and on and off dizziness as a direct result of his injuries from the accident.   He is now a fall risk.  (Pages 2 and 8 of 12/30/2019 Neurologist records from Wellstar Neurology in Georgia are attached as **Exhibit D**).   The accident has severely affected his abilities and curtailed his activities.

23.   Before the accident that occurred on June 6, 2019, Alfred Williams had not suffered the ravages of age.   He remained strong and capable.   He loved to hunt and fish. He had no problem striding through the forests hunting or wading through streams and rivers to fly fish.  In the months before the injuries on June 6, 2019, Alfred Williams had built a fence (digging post holes by hand) and cleared brush at his home in Georgia.   He and Evelyn loved to travel, towing their travel trailer across the country to the Pacific Northwest and to Arizona.  Because of his injuries, Mr. Williams has lost much of these capabilities.

## CLAIMS FOR RELIEF

### COUNT I

### (Negligence)

24.   The Plaintiffs reallege all of the preceding allegations as if fully set forth in this Count.

25.   Diane Nunez had a duty to operate the golf cart safely.  She breached this duty by driving much faster than the posted 5 MPH speed limit in the Safford RV Park and driving it in the dark even though the golf cart had no lights.

26.   As a proximate cause of the negligence of Diane Nunez, Alfred Williams was seriously and permanently injured.

27.     The Defendants are liable for the damages suffered by the Plaintiffs through the actions of Diane Nunez. Diane Nunez directly and Safford RV, LLC vicariously as the employer of Diane Nunez.

28.     In addition, Safford RV, LLC is negligent for providing a golf cart to be operated at its RV Park that had no lights, especially since the RV Park had no streetlights.

**WHEREFORE**, The Plaintiff prays for judgment against the Defendants, as follows:

A.     For a Judgment against all Defendants for medical bills, damages, and pain and suffering;

B.     For interest from the date of judgment until paid at the rate specified in A.R.S. §§ 44-1201B;

C.     For costs of suit herein expended pursuant to A.R.S. §§ 12-341 and other applicable law; and

D.     For such further relief as the Court may deem just and reasonable.

## COUNT II
### (Negligent Infliction of Emotional Distress)

29.     The Plaintiffs reallege all of the preceding allegations as if fully set forth in this Count.

30.     Evelyn Williams suffered mental and emotional injury because of the unreasonable and "negligent" act of Diane Nunez. Defendants are liable for negligent infliction of emotional distress. "Negligent infliction of emotional distress" occurs when a person witnesses an event that, while not causing immediate physical harm to the person, results in mental or emotional injury to the person witnessing the event.

31.     The Arizona Supreme Court in *Keck v. Jackson,* 122 Ariz. 114, (AZ 1989), outlined the requirements that must be met to prove a negligent infliction of emotional distress claim. The *Keck v. Jackson* Court stated that in order for there to be recovery for the tort of negligent infliction of emotional distress:

(a) The shock or mental anguish of the plaintiff must be manifested as a physical injury;

(b) The emotional distress must result from witnessing an injury to a person with whom the plaintiff has a close personal relationship, either by consanguinity or otherwise; and,

(c) The plaintiff/bystander must himself have been in the zone of danger so that the negligent defendant created an unreasonable risk of bodily harm to him.

32.    The Defendants are liable to Evelyn Williams for "negligent infliction of emotional distress" because Evelyn was in the zone of danger and because the actions of Diane Nunez, the employee of the RV Park, were wanton and reckless. Evelyn Williams was walking next to Alfred when he was hit. She herself might have been hit.

33.    Evelyn heard a "pop" when Alfred was hit. She turned around and saw the golf cart and thought at first that the golf cart had hit one of their dogs and exploded it. Diane Nunez got off the golf cart and told Evelyn that she had hit "him," referring to Alfred. Then Evelyn realized that the "pop" had been Alfred's head hitting the asphalt.

34.    Evelyn was emotionally devastated by her husband, Alfred's, injuries. She thought that the golf cart had killed Alfred – he was trapped under the golf cart for 15 minutes and he was unresponsive for 40 minutes. Immediately after the accident, all Evelyn could do was cry out in pain and sorrow. Every minute or so she would double over in pain and grief.

35.    Alfred was taken by ambulance to Mt. Graham Regional Medical Center, which then had him air evacuated to Banner University Medical Center in Tucson. Alfred did not regain full consciousness for 24 hours. Evelyn had to gather some things together and drive to Tucson from Safford, all the while not knowing if Alfred would be alive when she got there, or, if he did live, whether he would regain any degree of normal function.

**WHEREFORE**, The Plaintiff prays for judgment against the Defendant, as follows:

A. For a Judgment against all Defendants for damages negligent infliction of emotional distress;

B.  For interest from the date of judgment until paid at the rate specified in A.R.S. §§ 44-1201B;

C. For costs of suit herein expended pursuant to A.R.S. §§ 12-341 and other applicable law; and

D. For such further relief as the Court may deem just and reasonable.

## COUNT III

### (Loss of Consortium and Burden on Spouse)

36.    The Plaintiffs reallege all preceding allegations as if fully set forth in this Count.

37.    The negligence of Defendants resulted in loss of consortium to Evelyn Williams and resulted in additional burdens being placed on her as she cared for her injured and damaged spouse.

**WHEREFORE**, The Plaintiff prays for judgment against the Defendant, as follows:

A. For a Judgment against all Defendants for damages suffered by Evelyn Williams for loss of consortium and for the additional burdens placed on her because of the injuries to her spouse.

B.  For interest from the date of judgment until paid at the rate specified in A.R.S. §§ 44-1201B;

C. For costs of suit herein expended pursuant to A.R.S. §§ 12-341 and other applicable law; and

D. For such further relief as the Court may deem just and reasonable.

## COUNT IV

### (Punitive Damages)

38.    The Plaintiffs reallege all preceding allegations of this Complaint as if fully set forth in this Count.

39.    Diane Nunez was running the RV Park's golf cart wide open (15 to 20 miles per hour) in the dark when she hit Alfred Williams. This in spite of the fact that the RV Park was extremely well-marked with signs setting the speed limit at 5 mph. If Diane Nunez had been going 5 mph, she might have hit Mr. Williams but he would not have been

injured so seriously.  She certainly would not have high-centered the golf cart on top of Mr. Williams.  It is clear that she was going between 15 and 20 miles per hour.

40.   At night, the RV Park is dark.  There are no streetlights in the RV Park. Attached hereto is **Exhibit E** is a picture of the Safford RV Park at night showing how dark it is.  The picture shows the headlights of a car and the darkness outside the light from the headlights.  And the golf cart had no lights.  It is negligent to leave the RV Park so dark.  It is doubly negligent for Safford RV, LLC to provide a golf cart which has no headlights to employees to operate within the RV Park.

41.   The actions of Diane Nunez in driving the golf cart wide open in the dark were so reckless, wanton, and showed such indifference to the safety and well-being of occupants and visitors in the RV Park that punitive damages are justified.

42.   Because Diane Nunez is liable for punitive damages for actions taken by her in the course of her employment, her employer, Safford RV, LLC is also liable for punitive damages under the doctrine of vicarious liability.

**WHEREFORE**, The Plaintiff prays for judgment against the Defendant, as follows:

A. For a Judgment against all Defendants for punitive damages for injuries suffered by Alfred Williams and Evelyn Williams;

B.  For interest from the date of judgment until paid at the rate specified in A.R.S. §§ 44-1201B;

C. For costs of suit herein expended pursuant to A.R.S. §§ 12-341 and other applicable law; and

D. For such further relief as the Court may deem just and reasonable.

RESPECTFULLY SUBMITTED this _____25_____ day of February 2021.


J. Grant Walker, Esq.
1124 W. Thatcher Blvd. Suite 202
Safford, AZ 85546
*Attorney for Plaintiffs*

# Verification

STATE OF GEORGIA          )
                           ) ss:
County of _Troup_          )

     I, EVELYN WILLIAMS, being first duly sworn upon oath, depose and state that she is a plaintiff herein; that she has read the foregoing Complaint, knows the contents thereof, and that the facts therein contained are true to the best of her knowledge and belief.

EVELYN WILLIAMS

     SUBSCRIBED AND SWORN TO before me this _5_ day of February 2021, by EVELYN WILLIAMS.

Notary Public

LAUREN BAILEY TURNER
NOTARY PUBLIC
TROUP COUNTY
STATE OF GEORGIA
MY COMM. EXPIRES: JANUARY 6, 2025