**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Williams, et al., | No. CV-21-00088-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| Safford RV LLC, et al., | |
| Defendants. | |

A telephonic Pretrial Scheduling Conference was held before the law clerk to the Honorable Rosemary Márquez on July 1, 2021. (*See* Doc. 13.) At the Pretrial Scheduling Conference, the parties presented a dispute involving the locations of Plaintiffs Alfred and Evelyn Williams's depositions and independent medical examinations ("IMEs").[1] Specifically, the parties dispute whether the depositions and IMEs should take place in Arizona or in Georgia, where Plaintiffs reside and where they resided at the time of the accident that gave rise to this litigation.

Plaintiffs requested that the depositions and IMEs be conducted remotely in Georgia. Plaintiffs argued that requiring them to travel to Arizona for their depositions

---

[1] There is no dispute at this time that Defendants are entitled to arrange for physical examination of the Plaintiffs pursuant to Fed. R. Civ. P. 35. However, the Court makes no specific findings at this time regarding Defendants' presumably forthcoming motion pursuant to Rule 35(a)(2)(A).

and IMEs would be unduly burdensome due to Plaintiffs' ages and the dangers of traveling during the COVID-19 pandemic.[2] In response, Defendants argued that Plaintiffs should travel to Arizona for their depositions and IMEs because doing so would be more cost-effective than having Defendants' legal team travel to Georgia and because they desire to conduct an in-person evaluation of Alfred Williams's deposition testimony for strategic reasons. Defendants further argued that they were not aware of any medical experts in Georgia. Defendants indicated that they would accept a remote deposition of Mrs. Williams but requested an in-person deposition of Mr. Williams and IMEs for both Plaintiffs in Arizona. In reply, Plaintiffs argued that Mr. Williams is unable to travel alone due to his physical condition following the accident that is the subject of this lawsuit. Thus, Mrs. Williams would accompany Mr. Williams to Arizona were he to travel here. Due to her unvaccinated status, Plaintiffs argued, this would place her at risk of contracting COVID-19.

The party requesting a physical examination is entitled to have the examination conducted by a physician in the forum district. *Costanza v. Monty*, 50 F.R.D. 75, 76 (E.D. Wis. 1970) (citing *Pierce v. Brovig*, 16 F.R.D. 569, 570 (S.D.N.Y.1954)). Courts have historically ordered the examination to take place in the district where the court sits so that the physician will be subject to the court's jurisdiction if her testimony is needed at trial. *Id*. (citing *Genevose v. Wheatality Bakery, Inc.*, 27 Misc.2d 325, 207 N.Y.S.2d 307 (1960)).

"The general rule is that the party being examined must pay his or her own travel expenses to an examination in the forum state." *McCloskey v. United Parcel Serv. Gen. Servs. Co.*, 171 F.R.D. 268, 270 (D. Or. 1997). An exception to this rule exists "if the party being examined will suffer undue financial hardship by fronting the travel expenses or if the travel expenses could have been avoided by better planning." *Id*. at 270.

The sole reason that the Plaintiffs seek to have the IMEs conducted in Georgia rather than Arizona is the physical difficulty posed to Plaintiffs by traveling to Arizona.

---

[2] Plaintiffs' counsel represented to the Court that Mr. Williams has been vaccinated against COVID-19 but Mrs. Williams has not due to a medical condition.

However, Plaintiffs initiated this action in Arizona. Plaintiffs have not suggested that they would be unable to drive to Arizona for the IMEs if they determined that flying posed too great of a risk. Furthermore, the case law is clear that if Defendants select an IME doctor in Arizona, Plaintiffs are responsible for bearing their own travel expenses to an examination in Arizona. Although Mrs. Williams has not been vaccinated for COVID-19 and therefore faces additional risk from any form of travel, the Court finds that Defendants are entitled to select an IME doctor in the forum state of Arizona if they so choose.

Accordingly,

**IT IS ORDERED** that the parties shall conduct the video depositions of Plaintiffs remotely, with Plaintiffs to remain in Georgia. Alternatively, defense counsel may travel to Georgia to depose Plaintiffs or may conduct Plaintiffs' depositions in-person in Arizona when Plaintiffs are present in Arizona for their medical examinations.

**IT IS FURTHER ORDERED** that Defendants' Rule 35 physical examinations of Plaintiffs shall take place in Arizona.

Dated this 30th day of July, 2021.

_____
Honorable Rosemary Márquez
United States District Judge